NOT FOR PUBLICATION                                                                                   CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.F., *et al.*, | |
| Plaintiffs, | Civil Case No. 14-5156 (FSH) |
| v. | **OPINION & ORDER** |
| BYRAM TOWNSHIP BOARD OF EDUCATION, | Date: January 12, 2015 |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter coming before the Court upon Defendant Byram Township Board of Education's motion to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), (Dkt. No. 20); and the Court having reviewed the submissions of the parties and considered the motion pursuant to Federal Rule of Civil Procedure 78; and

It appearing that this matter arises out of a dispute over the proper educational placement for Plaintiff J.F., a teenage boy protected under the Individuals with Disabilities Education Act ("IDEA"); and

It appearing that Plaintiffs requested mediation from the New Jersey Commissioner of Education on July 11, 2014, (Dkt. No. 6-4 at A1), which was subsequently converted to a Petition for Due Process before the New Jersey Office of Administrative Law ("NJOAL"); that Plaintiffs moved for emergent relief under the "stay put" provision of the IDEA, 20 U.S.C. § 1415(j), seeking an injunction requiring Defendant to fund J.F.'s education at and transportation to/from a third-party private school retroactive to July 1, 2014, through the pendency of proceedings before the

NJOAL, (Dkt. No. 6-4 at A35); that the Honorable Irene Jones, A.L.J., denied Plaintiffs' motion in a written decision dated August 15, 2014, (Dkt. No. 6-4 at A173); and that Plaintiffs filed this action in this Court on August 18, 2014 (Dkt. No. 1); and

It appearing that a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008). On a facial attack, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); and

It appearing that Defendant moves to dismiss Plaintiffs' second and third claims (Counts II and III)[1]; and

It appearing that Plaintiffs' second claim (Count II) alleges that Defendant has violated the IDEA and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, by unilaterally preparing an Individualized Educational Program ("IEP") without conducting

---

[1] Defendant additionally moved to dismiss Plaintiffs' first claim (Count I). Plaintiffs' first claim sought a review and reversal of A.L.J. Jones's August 15, 2014 order and sought injunctive relief pursuant to the "stay put" provision of the IDEA. (Dkt. No. 1 ¶¶ 120.A–D.) This Court previously denied Plaintiffs' first claim in an Order dated November 7, 2014. (Dkt. No. 21.)

educational assessments of J.F. or meeting with or seeking input from J.F.'s parents, among other alleged deficiencies, (Dkt. No. 1 ¶¶ 121–43); and

It appearing that Plaintiffs must obtain a final administrative decision prior to seeking relief from federal court on this claim, *see Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994) ("[I]t is clear from the language of the [Individuals with Disabilities Education] Act that Congress intended plaintiffs to complete the administrative process before resorting to federal court."); *see also Swope v. Central York Sch. Dist.*, 796 F. Supp. 2d 592, 600–601 (M.D. Penn. 2011) ("[P]rovided at least part of the relief sought by Plaintiff . . . is available through the IDEA's administrative procedures, the IDEA's exhaustion requirements apply to Plaintiff's . . . Section 504 claims." (citations omitted)); and

It appearing that Plaintiffs' complaint does not allege that a final administrative decision has been rendered on their second claim and, therefore, that this Court lacks subject matter jurisdiction over Plaintiffs' second claim; and

It appearing that Plaintiffs' third claim (Count III) seeks reimbursement of legal fees and costs, (Dkt. No. 1 ¶¶ 144–46); and

It appearing that a "prevailing party" under the IDEA may seek reimbursement of "reasonable attorneys' fees" pursuant to 20 U.S.C. § 1415(i)(3)(B) and that a "prevailing party" parent under this statute is one who has obtained relief on a significant claim of the litigation and shown a causal connection between the litigation and the actions of the defendant, *see Metro. Pittsburgh Crusade for Voters v. City of Pittsburgh*, 964 F.2d 244, 250 (3d Cir. 1992); and

It appearing that Plaintiffs' have not obtained relief on a significant claim in this matter,[2]

---

[2] Plaintiffs argue that their third claim should not be dismissed because they may prevail on an appeal of this Court's ruling on their first claim. Should Plaintiffs prevail before the Court of Appeals, they may move to reopen this matter to seek attorneys' fees pursuant to the statute.

3

**IT IS** on this 12th day of January, 2015,

**ORDERED** that Defendant's motion to dismiss is **GRANTED IN PART**; and it is further

**ORDERED** that Plaintiffs' second claim (Count II) is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs' third claim (Count III) is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that this matter is **CLOSED**; and it is further

**ORDERED** that the Clerk of the Court close this case.

           **IT IS SO ORDERED.**

           **/s/ Hon. Faith S. Hochberg**
           **Hon. Faith S. Hochberg, U.S.D.J.**